UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

RAHUL K.,

      Petitioner,

    v.

TODD LYONS, et al.,

      Respondents.

No. 1:26-cv-00323-TLN-SCR

**ORDER**

On January 15, 2026, Petitioner Rahul K. ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (ECF No. 1) and a motion for a temporary restraining order (ECF No. 2). Petitioner served Respondents with copies of the petition for a writ of habeas corpus, the motion for temporary restraining, and supporting documents by electronic mail. (ECF No. 2-3 at 2.)

On January 16, 2026, the Court granted Petitioner's Motion for a Temporary Restraining Order ("TRO") and ordered Respondents to show cause why a preliminary injunction should not issue on the same terms. (ECF No. 4.) The Court also ordered Petitioner to serve Respondents with the copies of the temporary restraining order and order to show cause by electronic mail. (*Id.*) On January 20, 2026, Petitioner filed a proof of service, which indicated Petitioner served Respondents by electronic and overnight mail with copies of the temporary restraining order and

1

order to show cause.  (ECF No. 5 at 2.)  Despite being served with the Court's order, Respondents have not filed a response to the order to show cause, nor requested an extension of time, and the deadline to do so has passed.

The Court construes Respondents' lack of response to its order to show cause as waiver of any opposition to the imposition of a preliminary injunction.  *See* E.D. Cal. L.R. 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion."); *Melendez v. Diaz*, No. 1:20-CV-00302-NONE-BAM, 2020 WL 3802735, at *2 (E.D. Cal. July 7, 2020) (granting motion based on party's lack of response to pending motion, which the court construed as a non-opposition).  Given this, and because the standard for issuing a TRO is "substantially identical" to the standard for issuing a preliminary injunction, *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001), the Court ISSUES a preliminary injunction for the same reasons as stated in this Court's prior order (ECF No. 4), as follows:

Respondents are ENJOINED and RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, including seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where Respondents show: (a) material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence before a neutral decisionmaker that Petitioner poses a danger to the community or a flight risk. At any such hearing, Petitioner shall be allowed to have counsel present.

In addition, the Court ORDERS Respondents to file a notice of compliance with the release provision of the Court's January 16, 2026 Order.

IT IS SO ORDERED.

Date: January 29, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE