UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAHUL K.,

Petitioner,

v.

TODD M. LYONS, et al.,

Respondents.

No. 1:26-cv-0323 TLN SCR

ORDER

Petitioner is a federal immigration detainee proceeding through counsel with a habeas corpus action under 28 U.S.C. § 2241. The assigned District Judge referred the matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. ECF No. 10.

Petitioner's motion to amend (ECF No. 22) and proposed second amended petition ("SAP") (ECF No. 21) are pending. The Court now undertakes the screening process described in Rule 4 of the Rules Governing Section 2254 Cases, which is applicable to petitions for writ of habeas corpus under § 2241. See Rule 1(b) (a district court may "apply any or all of these rules" to any habeas petition); see also Bostic v. Carlson, 884 F.2d 1267, 1269-70 (9th Cir. 1989) (affirming district court's dismissal of a § 2241 petition under Habeas Rules 1(b) and 4). Under Rule 4, a judge examines the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. See Valdez v. Montgomery, 918 F.3d 687, 693 (9th Cir. 2019); Boyd v. Thompson, 147 F.3d 1124, 1127 (9th Cir. 1998). In screening the

SAP, the Court will order Respondents to respond only to Petitioner's statutory and constitutional challenges to the government's application of expedited removal proceedings to him (Counts VIII, IX, X, and XI) and his challenges to Respondents' alleged failure to consider his U-Visa petition in determining whether to re-detain him (Counts VI and VII). The Court will not order Respondents to respond to Petitioner's other challenges, which either (1) the Court already adjudicated or (2) clearly lack merit and will be addressed in findings and recommendations ultimately resolving the SAP.

As background, in January 2026, District Judge Nunley granted Petitioner's motion for a temporary restraining order—ordering Petitioner released—and enjoined his re-detention absent certain constitutional protections, including a pre-deprivation hearing before a neutral fact finder. ECF No. 4. Respondents later provided notice that they were scheduling that pre-deprivation hearing. Petitioner received the pre-deprivation hearing on August 13, 2026, and an IJ determined the government established he was a flight risk by clear and convincing evidence.[1] See Status Report, ECF No. 20.

Several of the claims in the SAP have either already been adjudicated favorably for Petitioner or are clearly meritless. District Judge Nunley already granted Petitioner full and effective relief on Counts I, II, and III, which concerned his initial detention. There is no basis for him to raise those same challenges to his current detention, where he received the pre-deprivation process that District Judge Nunley ordered.[2] Count IV challenges a decision by USCIS as to his asylum application, which this Court cannot review. Count V has no merit because this Court cannot enforce another court's order as a discrete APA violation. See Vargas-Cervantes v. Mullin, 2026 WL 1907198 (E.D. Cal. June 1, 2026) (findings and recommendations addressing an identical claim).

---

[1] Petitioner does not indicate whether Immigration and Customs Enforcement actually re-detained him in his status report, ECF No. 20, and the ICE Online Detainee Locator System does not have a record for Petitioner. However, the SAP seeks "to secure his immediate release from unlawful civil immigration detention," ECF No. 21 at 2, implying that he is currently detained.

[2] The proposed SAP does not allege that the IJ's pre-deprivation hearing decision from August 13 was an abuse of discretion and/or violated Judge Nunley's order.

However, for screening purposes only, the other claims (Counts VI, VII, VIII, IX, X, and XI) may have merit. In addition to other issues, the parties shall brief whether the Suspension Clause of the U.S. Constitution, Art. I, § 9, requires some forum for judicial review of Petitioner's expedited removal order, when such order is alleged to have issued more than two years after Petitioner entered the United States[3] and when he was apprehended in the interior of the country, as opposed to being apprehended at an international border of the United States, see Dep't of Homeland Sec. v. Thuraissigiam, 591 U.S. 103 (2020). The parties may submit documentation substantiating when Petitioner entered the United States prior to his apprehension by Immigration and Customs Enforcement on November 24, 2025. Absent a further order of the Court, the parties shall follow the briefing schedule identified below.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion to amend (ECF No. 22) is GRANTED.

2. Respondents shall file an answer/return only to the potentially-viable claims in the SAP, as identified above, within seven (7) days of the date of this Order.

3. Petitioner may file a reply/traverse within seven (7) days of Respondents' answer/return.

DATED: August 31, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

[3] There is statutory authorization for expedited removal of a non-citizen "who has not been admitted or paroled into the United States, and who has not affirmatively shown, to the satisfaction of an immigration officer, that the [non-citizen] has been physically present in the United States continuously for the 2-year period immediately prior to the date of the determination of inadmissibility under this subparagraph." 8 U.S.C. § 1225(b)(1)(A)(iii)(II).